UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC S. BOWKER,

       Plaintiff,

                              CASE NO. 04-CV-74825-DT
  v.                           JUDGE ROBERT H. CLELAND
                              MAGISTRATE JUDGE PAUL J. KOMIVES

UNITED STATES OF AMERICA;

       Defendant.

_____/

## REPORT AND RECOMMENDATION REGARDING
## DEFENDANT'S MOTION TO DISMISS
## (Doc. Ent. 5)

**I.**    **RECOMMENDATION:** The Court should grant defendant's motion to dismiss on the basis that plaintiff's complaint is barred by the statute of limitations.

**II.**    **REPORT:**

**A.**    **Procedural History**

Plaintiff originally filed his pro se complaint on July 19, 2004, in the United States District Court for the Middle District of Pennsylvania pursuant to the Federal Tort Claims Act (Case No. 04-CV-01563-CCC).  He was granted in forma pauperis status on July 20, 2004.

Plaintiff "seeks compensation for intentional, wrongful, and negligent conduct and misfeasance by the medical and dental departments at FDC-Milan, Michigan, and the dentist employed there in[,]" and "alleges a violation of a duty of care imposed by Title 18 U.S.C. [§] 4042 upon the federal employees, as well as the torts of assault, battery, negligence per se, and medical and dental malpractice, as well as other torts."  Compl. at 1-2.  Plaintiff seeks "two

1

million dollars compensatory damages, interest, cost of filing and pursuing this lawsuit, as well as any other relief and damages as this Court may deem just." Compl. at 5.  He signed his complaint under penalty of perjury.  Compl. at 6.

On September 27, 2004, the government filed a motion to dismiss or, in the alternative, for a change of venue.  On December 2, 2004, Judge Christopher C. Connor entered an order transferring this case to the Eastern District of Michigan.  The case was filed with this Court on December 10, 2004.[1]

**B.      Defendant's motion to dismiss**

On January 26, 2005, I entered a preliminary scheduling order directing defendant to file a responsive pleading by March 1, 2005.  My order also permitted plaintiff to file a response to any such fling by defendant within thirty (30) days of the date of defendant's response.  (Doc. Ent. 4).

On February 28, 2005, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  (Doc. Ent. 5).  Primarily, defendant argues that "[p]laintiff's action is barred because he failed to file suit within 6 months of the agency's denial of his claim."  Mtn. Br. at 2. Alternatively, defendant argues, "[p]laintiff may not recover more than $500,000 in damages[.]" Mtn. Br. at 5.

On March 29, 2005, plaintiff filed a request for an extension of forty-five (45) days within which to respond to defendant's dispositive motion.  (Doc. Ent. 6).  Plaintiff claims he did not receive defendant's dispositive motion until March 18, 2005.  On April 6, 2005, defendant filed a notice of non-opposition to plaintiff's motion for extension of time.  (Doc. Ent. 7).

---

[1]On January 25, 2005, Judge Cleland referred this case to me for pretrial matters.

On April 19, 2005, I entered an order granting plaintiff's request and directing him to file

any response to defendant's February 28, 2005, motion to dismiss by June 15, 2005 and directing

defendant to file any reply in accordance with E. D. Mich. LR 7.1(d)(1)(c).  (Doc. Ent. 9).  To

date, plaintiff has not filed a response to defendant's dispositive motion.[2]

## C.      Applicable Law

### 1.      Fed. R. Civ. P. 12 ("Defenses and Objections")

As previously noted, defendant's motion is filed pursuant to Fed. R. Civ. P. 12(b)(1).

Federal Rule of Civil Procedure 12 sets forth rules regarding defenses and objections.  As to how

defenses and objections should be presented, the rule states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a
> claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the
> responsive pleading thereto if one is required, except that the following defenses
> may at the option of the pleader be made by motion: (1) lack of jurisdiction over
> the subject matter[.]

---

[2]Plaintiff was incarcerated in the Federal Correctional Institution (FCI) Milan in
Michigan from September 17 - November 22, 2002.  Compl. at 3 ¶ 1.        At some point he was
transferred to the FTC Oklahoma City in Oklahoma.  Mtn. Ex. A.  By the time he filed his
complaint, plaintiff was incarcerated within Federal Correctional Complex (FCC) Allenwood in
Pennsylvania [this complex is comprised of FCI Allenwood Low; FPC Allenwood; FCI
Allenwood Medium; and USP Allenwood].  *See* Compl., www.bop.gov, "Prison Facilities".  On
or about February 11, 2005, plaintiff was transferred to USP Lewisburg in Pennsylvania.  Doc.
Ent. 6 ¶¶ 4, 15.
         To date, plaintiff has not filed a response to defendant's dispositive motion.  Out of
concern that the Court's April 19, 2005 order was mailed to the wrong address and that plaintiff
did not receive it, I had contemplated entering an amended scheduling order regarding
defendant's dispositive motion.  However, plaintiff's current location is unknown.  Not only
does the docket sheet not reflect plaintiff's address change from FCI Allenwood to USP
Lewisburg, but also as of July 28, 2005 the Bureau of Prisons' website lists plaintiff's location as
"in transit".
         Therefore, I will direct my clerk to mail a copy of this report and recommendation to
plaintiff's last known address - USP Lewisburg.  According to the Bureau of Prisons website, the
address for inmate mail is USP Lewisburg, U.S. Penitentiary, P. O. Box 1000, Lewisburg, PA
17837.

Federal Rules of Civil Procedure 12(b)(1).  "A Rule 12(b)(1) motion can either attack the claim

of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true,

or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the

evidence and the plaintiff bears the burden of proving that jurisdiction exists."  *DLX, Inc. v.*

*Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

**2.      Federal Tort Claims Act**

Title 28 of the United States Code governs the Judiciary and Judicial Procedure.  Chapter

85 of Title 28, 28 U.S.C. §§ 1330-1369, discusses district court jurisdiction.  As to the United

States as a defendant, the statute provides, in part:

> (b)(1) Subject to the provisions of chapter 171 of this title, the district courts . . .
> shall have exclusive jurisdiction of civil actions on claims against the United
> States, for money damages, accruing on and after January 1, 1945, for injury or
> loss of property, or personal injury or death caused by the negligent or wrongful
> act or omission of any employee of the Government while acting within the scope
> of his office or employment, under circumstances where the United States, if a
> private person, would be liable to the claimant in accordance with the law of the
> place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Chapter 171, 28 U.S.C. §§ 2671 - 2680, discusses tort claims procedure.  As to the

United States' liability, the chapter provides in pertinent part:  "The United States shall be liable,

respecting the provisions of this title relating to tort claims, in the same manner and to the same

extent as a private individual under like circumstances, but shall not be liable for interest prior to

judgment or for punitive damages."  28 U.S.C. § 2674.

"The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the

Federal Government liable to the same extent as a private party for certain torts of federal

employees acting within the scope of their employment."  *United States v. Orleans*, 425 U.S.

807, 813 (1976). "Since the United States can be sued only to the extent that it has waived its

immunity, due regard must be given to the exceptions . . . to such waiver." *Orleans*, 425 U.S. at

814.

**D.     Analysis**

**1.     A brief review of the facts underlying plaintiff's complaint is appropriate.**

Plaintiff was incarcerated in the Federal Correctional Institution (FCI) Milan in Michigan

from September 17 - November 22, 2002. Compl. at 3 ¶ 1. During that time, he experienced

painful dental problems "associated with lack of dental care[.]" Compl. at 3 ¶ 2. During Fall

2002, plaintiff requested care for his dental problems. Compl. at 3 ¶ 3. Plaintiff claims that the

FDC-Milan dentist performed an incompetent and inadequate oral inspection and subsequently

"injured plaintiff's teeth and gums and made [plaintiff's] dental conditions worse[.]" Compl. at 3

¶ 5.

Plaintiff claims he was refused treatment. According to plaintiff, he "was refused

adequate dental care by the FDC-Milan dentist and medical and dental departments[;]" "[t]he

FDC-Milan dental department refused to administer preventative or corrective treatment for

massive dental cavities;" "defendant threatened to refuse dental care, which would be reasonably

calculated to result in pain, suffering, and tooth loss;" and "[d]efendant did in fact refuse dental

care, which did in fact result in pain, suffering, and dental injury[.]" Compl. at 3 ¶ 4, 4 ¶¶ 7, 8, 9.

Plaintiff also takes issue with the standard of care he received. Plaintiff contends that the

dentist did not use adequate skill and knowledge "consistent with the dental occupation in the

State of Michigan in the treatment of . . . [plaintiff's] dental conditions;" the "FDC-Milan dentist

and defendant administered dental care in a manner inconsistent with the normal skill and

knowledge of dental professions in the Michigan area, resulting in pain, suffering, and injury;"

"[d]efendant violated specific Michigan state statutes imposing a duty of care upon those in the

medical and dental professions;" and "[d]efendant and the FDC-Milan dentist performed

dentistry in a manner inconsistent with the usual standards of professionals in the medical and

dental professions[.]"  Compl. at 3 ¶ 6, 4 ¶¶ 10, 12, 13.

As a result of intentional and negligent acts, plaintiff claims, he "experienced pain,

suffering, financial loss, loss of enjoyment of life, loss of society and consortium, was required

to seek out additional dental care and treatment & expend his own finances, suffered loss and

damage to his teeth and gums, and other loss, damage, pain, and injury[.]" Compl. at 5 ¶¶ 14,

15.[3]

---

[3]Plaintiff also contends that "[t]he FDC-Milan dentist and federal government violated the duty of care imposed upon them by Title 18 U.S.C. § 4042[,]" Compl. at 4 ¶ 11.  Section 4042(a) provides:

> **(a) In general.**--The Bureau of Prisons, under the direction of the Attorney General, shall--
>
> (1) have charge of the management and regulation of all Federal penal and correctional institutions;
>
> (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
>
> (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States;
>
> (4) provide technical assistance to State and local governments in the improvement of their correctional systems; and
> (5) provide notice of release of prisoners in accordance with subsections (b) and (c).

To the extent that plaintiff claims defendants have violated 18 U.S.C. § 4042, plaintiff has no authority to initiate criminal proceedings in his own name.  *See Violett v. Pearson*, No. 97-6142, 1998 WL 381640, at *2 (6th Cir. 1998) (citing *Cok.v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam)) ("The district court properly dismissed [the civil rights plaintiff's] claims that the

**2.      The statute of limitations bars plaintiff's claims.**

"To bring a tort action against the government, the plaintiff must first establish that the

government has waived sovereign immunity."  *Blakely v. U.S.*, 276 F.3d 853, 864 (6th Cir.

2002).  "The government has waived its sovereign immunity to suits for tort actions under the

FTCA, but only insofar as the plaintiff has exhausted his administrative remedies."  *Blakely*, 276

F.3d at 864 (citing 28 U.S.C. § 2675(a);[4] *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir.

1991).

28 U.S.C. § 2401(b) provides that "[a] tort claim against the United States shall be

forever barred unless it is presented in writing to the appropriate Federal agency within two

---

defendants engaged in criminal conduct because private citizens have no authority to initiate
federal prosecution of the defendants for their alleged unlawful acts."); *Keenan v. McGrath*, 328
F.2d 610, 611 (1st Cir. 1964) ("Not only are we unaware of any authority for permitting a private
individual to initiate a criminal prosecution in his own name . . ., but also to sanction such a
procedure would be to provide a means to circumvent the legal safeguards provided for persons
accused of crime[.]").

[4]28 U.S.C. § 2675 ("Disposition by federal agency as prerequisite; evidence") provides,
in part:

> An action shall not be instituted upon a claim against the United States for money
> damages for injury or loss of property or personal injury or death caused by the
> negligent or wrongful act or omission of any employee of the Government while
> acting within the scope of his office or employment, unless the claimant shall
> have first presented the claim to the appropriate Federal agency and his claim
> shall have been finally denied by the agency in writing and sent by certified or
> registered mail. The failure of an agency to make final disposition of a claim
> within six months after it is filed shall, at the option of the claimant any time
> thereafter, be deemed a final denial of the claim for purposes of this section. The
> provisions of this subsection shall not apply to such claims as may be asserted
> under the Federal Rules of Civil Procedure by third party complaint, cross-claim,
> or counterclaim.

28 U.S.C. § 2675(a).

years after such claim accrues or unless action is begun within six months after the date of

mailing, by certified or registered mail, of notice of final denial of the claim by the agency to

which it was presented."  28 U.S.C. § 2401.  "Although phrased in the disjunctive, 'this statute

requires a claimant to file an administrative claim within two years [of accrual] *and* file suit

within six months of its denial.'"  *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001)

(citing *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir.1987)) (emphasis in

original).  *See also Willis v. United States*, 719 F.2d 608, 612 (2d Cir.1983); *Schuler v. United*

*States*, 628 F.2d 199, 201 (D. C. Cir.1980)); *Miller v. United States*, 741 F.2d 148, 150 (7th Cir.

1984); *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984); *Henderson v. United*

*States*, 785 F.2d 121, 123 (4th Cir. 1986).

On or about April 17 or 23, 2003, plaintiff submitted a Standard Form 95 (Claim for

damage, injury or death) for personal injury based upon dental treatment to the Federal Bureau

of Prisons.  The total amount of his claim was $500,000.00.  Mtn. Ex. A.  Defendant admits that

plaintiff's administrative claim was timely filed with the appropriate agency on April 23, 2003 as

required by 28 U.S.C. § 2401(b).  Mtn. Br. at 4.

However, defendant argues that "plaintiff's action is barred by the statute of limitations

because plaintiff failed to bring suit within 6 months of the final denial of his claim."  Mtn. Br. at

1, 4.  In a letter dated August 20, 2003, Daryl Kosiak (regional counsel for USDOJ FBOP North

Central Regional Office) denied plaintiff's claim.  The letter contained a notice of final denial.

Mtn. Ex. B.  On or about December 15, 2003, plaintiff requested reconsideration of his claim.  It

was received at the North Central Regional Office on January 5, 2004.  Mtn. Ex. C.  In a letter

dated February 11, 2004, Kosiak informed plaintiff that "we will not change our original

decision in this matter as we have determined the denial of your administrative claim to be

appropriate under the facts and information available to us at this time."  Mtn. Ex. D.  *See also*

Mtn. Br. at 2.[5]

Citing 28 C.F.R. § 14.9 ("Final denial of claim"), defendant contends that the filing

period was tolled for up to six months by the January 5, 2004 request for reconsideration.  28

C.F.R. § 14.9(b) provides that "[p]rior to the commencement of suit and prior to the expiration of

the 6- month period provided in 28 U.S.C. 2401(b), a claimant . . . may file a written request

with the agency for reconsideration of a final denial of a claim under paragraph (a) of this

section. Upon the timely filing of a request for reconsideration the agency shall have 6 months

from the date of filing in which to make a final disposition of the claim and the claimant's option

under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for

reconsideration.  Final agency action on a request for reconsideration shall be effected in

accordance with the provisions of paragraph (a) of this section."  28 C.F.R. § 14.9(b).

In applying 28 C.F.R. § 14.9 to plaintiff's case, there are two issues to consider.  First,

the Court should consider what is meant by "accrue".[6]  Although one might initially assume that

the statute of limitations for plaintiff's option under 28 U.S.C. § 2675(a) - to file suit in federal

---

[5]In the "exhaustion of remedies" portion of his complaint, plaintiff contends that the "information and exact dates [regarding exhaustion were] unavailable due to [confiscation] [and] withholding of plaintiff's legal papers and materials, by prison staff."  He further claims that he is "unable to correctly plead and pursue this civil action due to prison staff [confiscating] and withholding [his] legal materials[.]"  Compl. at 2 ¶ III.

[6]In examining this question, it is worth noting that with regard to the FTCA, "[s]tate law determines whether there is an underlying cause of action; but federal law defines the limitations period and determines when that cause of action accrued."  *Miller v. U.S.*, 932 F.2d 301, 303 (4th Cir. 1991) (citing *Washington v. United States*, 769 F.2d 1436, 1437-38 (9th Cir.1985)); *see also Chomic v. United States*, 377 F.3d 607, 611 (6th Cir. 2004).

district court - did not begin to run until six (6) months after plaintiff's January 5, 2005 request

for reconsideration (in this case July 5, 2005), Section 14.9 has been interpreted to mean that the

statute of limitations for plaintiff's option under Section 2675(a) ends six (6) months after filing

a request for reconsideration.  *See Smith v. United States*, 585 F. Supp. 624, 625 (E. D. Mich.

1984) ("The request for reconsideration will toll the period for filing the court action for up to

six months."); *Moya v. United States*, 35 F.3d 501, 503 (10th Cir. 1994) ("If unsatisfied with the

resolution of the request for reconsideration, a claimant has six months from the date of filing the

request to bring suit in district court.") (citing 28 C.F.R. § 14.9(b)); *Gervais By and Through*

*Bremner v. United States*, 865 F.2d 196, 196-197 (9th Cir. 1988) ("Under 28 C.F.R. § 14.9(b) a

timely request for agency reconsideration, one filed within six months of the original denial,

extends the time in which a claimant may file suit for six months after the filing of the request

for reconsideration.").  Therefore, the Court should agree with defendant that, "plaintiff had until

July 5, 2004 to file his complaint[,]" and the July 19, 2004 complaint is "barred by the statute of

limitations."  Mtn. Br. at 5.[7]

---

[7]Incidentally, I note that, although the August 20, 2003 letter included a statement
notifying plaintiff of the six (6) month deadline for filing suit, the February 11, 2004 letter
denying plaintiff's request for reconsideration did not.  As previously noted, 28 C.F.R. § 14.9(b)
requires that the response to a request for reconsideration must comply with Section 14.9(a).
Section 14.9(a) provides that "[f]inal denial of an administrative claim shall be in writing and
sent to the claimant, his attorney, or legal representative by certified or registered mail. The
notification of final denial may include a statement of the reasons for the denial and shall include
a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an
appropriate U.S. District Court not later than 6 months after the date of mailing of the
notification."  28 C.F.R. § 14.9(a).
       However, the omission of a warning in the later letter does not change my
recommendation, because the initial decision remains the final decision, regardless of whether a
request for reconsideration is filed.  *Bond v. United States*, 934 F. Supp. 351, 353, 356 ©. D. Ca.
1996) ("28 C.F.R. § 14.9(b) is not jurisdictional and does not supplant Congress' statutory
language establishing what constitutes a final denial[,]" and "[n]owhere can it be found in the

Finally, the Court may consider whether plaintiff is entitled to equitable tolling of the

statute of limitations.  "[U]nless Congress provides otherwise,[] a statute of limitations for suits

against the government is subject to equitable tolling."  *Glarner v. U.S., Dept. of Veterans*

*Admin.*, 30 F.3d 697, 701 (6th Cir. 1994) (citing *Irwin v. Department of Veterans Affairs*, 498

U.S. 89, 95 (1990)).  "§ 2401(b) can be equitably tolled."  *Glarner*, 30 F.3d 697, 701.[8]  *See also*

*Schmidt v. United States*, 933 F.2d 639, 640 (8th Cir. 1991) ("[b]ecause the FTCA's statute of

limitations is not jurisdictional, failure to comply with it is merely an affirmative defense which

---

plain language of either §§ 2401 or 2675 that a final denial is not a final denial if a claimant
seeks reconsideration."); *State Farm Mut. Auto. Ins. Co. v. United States*, 326 F. Supp. 2d 407,
416-417 (E.D.N.Y. 2004) ("[t]he reconsideration period itself does not compromise the finality
of this denial for the purpose of the jurisdictional requirements of 28 U.S.C. § 2675" and "a final
denial of the agency in writing is, in fact, final for the purpose of exhaustion under § 2675,
irrespective of the possibility for reconsideration by the agency.").  Although these cases
effectively involved arguments by the government that plaintiff had not exhausted administrative
remedies, it is a "normal rule of statutory construction that identical words used in different parts
of the same act are intended to have the same meaning."  *Sullivan v. Stroop*, 496 U.S. 478, 484
(1990) (internal quotation omitted).  *See also Commissioner of Internal Revenue v. Lundy*, 516
U.S. 235, 250 (1996), *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 570 (1995).

[8]As defendant's brief points out, Mtn. Br. at 4, the Sixth Circuit has stated:  "Neither
plaintiff's lack of knowledge regarding Stennies' federal employment nor the United States'
removal of this case from state court to district court eliminates the jurisdictional requirement
that a timely administrative claim be filed."  *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir.
1982)(citing *Meeker v. United States*, 435 F.2d 1219 (8th Cir. 1970)).  The Sixth Circuit has also
stated: "The requirement in 28 U.S.C. § 2675(a) that an administrative claim be filed as a
prerequisite to filing a civil action under the Federal Tort Claims Act and the two year statute of
limitations prescribed by 28 U.S.C. § 2401(b) are valid conditions under which suits may be
maintained under the statute. These conditions are jurisdictional requirements, not capable of
waiver or subject to estoppel."  *Garrett v. United States*, 640 F.2d 24 (6th Cir. 1981) (*Executive
Jet Aviation, Inc. v. United States*, 507 F.2d 508, 515 (6th Cir. 1974)).
    However, the Court should apply the rule in *Glarner* to the instant case.  First, *Rogers*
and *Garrett* pre-date the United States Supreme Court's decision in *Irwin*, which observed "an
opportunity to adopt a more general rule to govern the applicability of equitable tolling in suits
against the Government[,]" and held that "the same rebuttable presumption of equitable tolling
applicable to suits against private defendants should also apply to suits against the United
States."  *Irwin*, 498 U.S. at 95-96.  Second, *Glarner* relied in part upon *Irwin*.

11

the defendant has the burden of establishing"); *Perez v. United States*, 167 F.3d 913, 916 (5th

Cir. 1999) ("The Sixth and Eighth Circuits [in *Glarner* and *Schmidt*] arrived at the same result

that we will reach, but their reasoning was flawed.").  "The factors that this court considers in

deciding whether to apply the doctrine of equitable tolling are (1) lack of actual notice of the

filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in

pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's

reasonableness in remaining ignorant of the notice requirement."  *Glarner*, 30 F.3d at 702 (citing

*Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988)).  "Although equitable tolling may be applied

in suits against the government, courts will only do so 'sparingly,' and not when there has only

been 'a garden variety claim of excusable neglect.'"  *Ayers v. United States*, 277 F.3d 821, 828

(6th Cir. 2002) (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  *See

also Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004).

It is clear that plaintiff had knowledge of the six month filing requirement, because his

request for reconsideration acknowledges the August 20, 2003 denial.  Furthermore, although

plaintiff's motion for extension mentions that he has been in special housing units continuously

for about two years "with almost no legal materials or access to law books[,]" (Doc. Ent. 6 Affid.

¶ 2), most of the complaints about interference with his legal matters post-date the filing of the

instant complaint.[9]  Furthermore, there has been no response to the instant dispositive motion,

---

[9]Included in plaintiff's request for extension is a supporting affidavit, signed under
penalty of perjury, which details certain difficulties that plaintiff has encountered with regard to
his case.  For example, plaintiff claims he was in segregation while at USP-Lewisburg, therefore
he had " no legal materials, law books, legal documents, or case law materials[.]"  (Doc. Ent. 6
Affid. ¶ 1).  He also claims he has been in special housing units continuously for about two years
"with almost no legal materials or access to law books[.]" (Doc. Ent. 6 Affid. ¶ 2).
According to plaintiff's affidavit, on December 10, 2004, FCI-Allenwood prison staff

and such a response might have detailed the difficulty plaintiff had in filing the instant case.

Therefore, the Court should construe plaintiff's complaint about restricted access to legal

materials as the "garden variety claim of excusable neglect" against which *Ayers* cautions.

*Ayers*, 277 F.3d at 828, and should refrain from equitably tolling of plaintiff's case at this time.

**3.      If the Court finds that plaintiff's complaint is not barred by the statute of limitations, his claim for compensatory damages should be limited to $500,000.00.**

As set forth in plaintiff's claim for relief, plaintiff seeks compensatory damages in the

---

"hunted [him] down on a pre-planned, retaliatory disciplinary action, and placed [him] back into punitive segregation[.]" (Doc. Ent. 6 Affid. ¶ 7).  Between December 10, 2004 and December 15, 2004, staff and administration stole, discarded and confiscated almost all of his legal items. (Doc. Ent. 6 Affid. ¶ 8).  Between December 10, 2004 and January 28, 2005, FCI-Allenwood staff and administration perused the confiscated legal items and stole more than $400.00 in stamps and envelopes, "leaving [him] with none at all[.]" (Doc. Ent. 6 Affid. ¶ 9).  During this same time, FCI-Allenwood staff and administration discarded and sole plaintiff's case files for several cases.  (Doc. Ent. 6 Affid. ¶ 10).

Plaintiff also claims that from February 11, 2005 until March 10, 2005, FCI-Allenwood staff and administration "intentionally held onto [his] mail, refused to forward it, and refused to sent it back - to deliberately impede all current lawsuits of [his], as well as other legal cases[.]" (Doc. Ent. 6 Affid. ¶ 5).  He received other legal mail on March 18, 2005.  (Doc. Ent. 6 Affid. ¶ 6).  While he was in disciplinary housing, he received eight retaliatory tickets, was sentenced to disciplinary segregation, and had outgoing legal mail and copy requests stolen.  (Doc. Ent. 6 Affid. ¶ 11).

Furthermore, plaintiff claims that, in January 2005, he witnessed Corrections Officer Parker physically abusing an inmate and learned that Officer Parker and others had been abusing inmates for some time.  (Doc. Ent. 6 Affid. ¶ 12).  Plaintiff wrote to the FBI, the FBOP, and the United States Department of Justice's Office of Professional Responsibility.  (Doc. Ent. 6 Affid. ¶ 13).  As a result, "Corrections Officer Carl Parker went through the remaining amounts of [plaintiff's] legal materials and confiscated them - after stealing the last several books of stamps which had recently been given to [plaintiff][.]" (Doc. Ent. 6 Affid. ¶ 14).

Plaintiff claims that as he was being transferred from FCI-Allenwood on February 11, 2005 he was informed that he was going to a Colorado or Illinois federal prison, "so that [he] would have all of [his] mail sent to the wrong addresses." (Doc. Ent. 6 Affid. ¶ 15).

In addition, plaintiff claims he has not had a fair chance to prosecute his case and does not have the necessary pleadings.  In addition to the foregoing complaints, plaintiff claims that a 180% PLRA lien has been placed on his inmate account.  (Doc. Ent. 6 at 7).  Plaintiff's certificate of service alleges that USP-Lewisburg's Warden (Joseph Smith) placed plaintiff in segregation to suppress legal activity.  (Doc. Ent. 6 at 8).

amount of $2,000,000.00.  Compl. at 5.  If the Court does not grant summary judgment on the

basis that plaintiff's claims are barred by the statute of limitations, defendant argues that

"plaintiff's damages should be limited to the amount sought in his administrative claim."  Mtn.

Br. at 1.  Citing 28 U.S.C. § 2675(b), defendant claims that the Court should limit plaintiff's

monetary request for relief to "$500,000.00, the amount specified in his administrative claim

presented to the Bureau of Prisons."  Mtn. Br. at 5.

Section 2675(b) provides that "[a]ction under this section shall not be instituted for any

sum in excess of the amount of the claim presented to the federal agency, except where the

increased amount is based upon newly discovered evidence not reasonably discoverable at the

time of presenting the claim to the federal agency, or upon allegation and proof of intervening

facts, relating to the amount of the claim."  28 U.S.C. § 2675(b).  "The burden is on the claimant

to show such intervening facts or newly discovered evidence."  *Allgeier v. U.S.*, 909 F.2d 869,

877 (6th Cir. 1990) (citing *Kielwien v. United States*, 540 F.2d 676, 680 (4th Cir.1976)).[10]

Defendant contends that "[n]owhere in plaintiff's complaint is there any indication that

the increased amount of damages that plaintiff is now seeking is a result of newly discovered

evidence or intervening facts."  Therefore, the government argues, "any damages sought by

plaintiff must be limited to the amount presented to the Bureau of Prisons in his administrative

claim."  Mtn. Br. at 6.

Plaintiff's April 2003 claim form describes his claim as follows:

I tried to make repeated dental appoin[t]ments at Federal Detention Center in
Milan, Michigan.  My Teeth had been decaying badly for over one year while I

---

[10]"[C]ourts have read the term 'intervening fact' more strictly to require that it be
unexpected or unforeseen."  *Allgeier*, 909 F.2d at 878.

was in the various County Jails in Ohio, awaiting Jury Trial.  I did finally get to
see the "Dentist", at FDC-Milan, in late October, 2002.  He did not do an
examination of my teeth, did not take any X-Rays, and did not do any drilling or
removal of the afflicted areas of my mouth and teeth.  The "Dentist" simply put a
white past-like substance, in the large cavernous holes in my teeth, and told me
"That was it, that was all he was legally requi[r]ed to do".  When I was shipped to
Federal Transfer Center Oklahoma City, State of Oklahoma, -I immediately made
a dental appointment to alleviate the pain and disco[m]fort in my mouth and teeth.
I went to Doctor Randy German at least THREE TIMES, while at the Federal
Transfer Center.  I had the afflicted teeth permanently taken care of.  Dr. German
told me that the "Dentist" at FDC-Milan actually made my teeth and gums worse.

Mtn. Ex. A.  Upon consideration of this claim and plaintiff's July 19, 2004 complaint, the Court

should conclude that the complaint does not allege newly discovered evidence or intervening

facts substantiating an increased request for damages.  Furthermore, plaintiff has not responded

to the instant motion and, as a result, has not provided further information in order to satisfy the

burden necessary to increase his request for damages.  Therefore, in the event the Court

concludes that plaintiff's complaint is not barred by the statute of limitations, the Court should

limit plaintiff's request for relief to $500,000.00.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-

48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir.

1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  Filing of objections that

raise some issues but fail to raise others with specificity, will not preserve all the objections a

party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th

Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated 7/29/05

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 29, 2005.
>
> s/Eddrey Butts
> Case Manager

17